Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, California 90014
(213) 225-6150 / Fax (213) 225-6151
eselik@mcccathernlaw.com
czaouk@mccathernlaw.com

Attorneys for Plaintiff,
RUBEN AYALA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN AYALA, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC.; and DOES 1-100<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  **NEGLIGENCE**<br>2.  **TRESPASS**<br>3.  **PRIVATE NUSIANCE**<br>4.  **INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Ruben Ayala on behalf of himself, and all others similarly situated, complains and alleges as follows:

///

///

---

1                                                                 **COMPLAINT**

## INTRODUCTION

1. This is a class action lawsuit pursuant to Fed. R. Civ. P. Rule 23, seeking damages for the conduct of Defendant, Delta Airlines, Inc. (hereinafter "Defendant" or "Delta") wherein it intentionally dumped approximately 100,000 pounds of fuel over Southeast and South Los Angeles causing damages to Plaintiff and those similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to diversity jurisdiction under 28 U.S. Code §1332(a)(1). Plaintiff is a citizen of California. Defendant is incorporated in the state of Delaware and has its principal place of business in the state of Georgia.

## PARTIES

3. Plaintiff is, and at all relevant times was, a California resident residing within the City of Cudahy. Within the statute of limitations for the claims made herein, Plaintiff experienced damage as a result of Defendant.

4. Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

5. Plaintiff is informed and believes that Defendant is a consumer airline that engages in the business of transporting the general public via airplane.

///

6. Plaintiff is informed an believes that DOES 1 through 100 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

7. Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

8. Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs are further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known

about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 100.

9. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Delta operates in Los Angeles County California.

11. On January 14, 2020, Plaintiff was outside his home in the City of Cudahy, a City located southeast of downtown Los Angeles in Los Angeles County and felt a water-like substance fall on his head, face, neck and body. Plaintiff looked up and saw an airplane flying overhead. As he looked up, he was also hit in his eyes and mouth with this same substance. Plaintiff also observed that his residence was hit with this water-like substance.

12. Plaintiff learned later that the water-like substance was jet fuel from the airplane that flew overhead.

///

13. Plaintiff is informed and believes and based thereon alleges that the airplane that dumped the jet fuel was Delta flight number 89 (hereinafter the "Airplane") flying from Los Angeles International Airport ("LAX") to Shanghai Pudong International Airport ("PVG").

14. Plaintiff is informed and believes that the Airplane had an engine problem and was asked by officials at the Federal Aviation Administration ("FAA") if it was intending to dump fuel. The Delta employees on the Airplane responded "negative". Yet, minutes later from approximately 2,300 feet in the air, the Airplane dumped jet fuel over Plaintiff and other similarly situated.

15. Delta violated FAA Air Traffic Organization Policy Section 4 in that the Airplane dumped jet fuel at a height lower than was allowed and over an area that it was not allowed to dump fuel.

16. As a result of this conduct, Delta has damaged Plaintiff and those similarly situated who, like Plaintiff, were adversely effected by Delta's improper jet fuel dump.

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

17. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. Rule 23. The members of the Class are defined as follows:

///

**COMPLAINT**

**Property Class**: All persons who own, rent, reside in or control property in or around the City of Cudahy on which Delta dumped jet fuel.

**Bodily Injury Class:** All persons who were present in or around the City of Cudahy and on which Delta dumped jet fuel on their person.

18. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Fed. R. Civ. P. Rule 23 and other applicable law.

19. **<u>Numerosity of the Classes</u>**: Members of the Classes are so numerous that their individual joinder is impracticable.  Plaintiff estimate that there are no less than 15,000 persons in the identified classes.  The precise number of Class members and their addresses are unknown to Plaintiff.  However, Plaintiff is informed and believes and thereon alleges that the number can be obtained from the Los Angeles County Recorder's Office records.  Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

20. **<u>Existence of Predominance of Common Questions of Fact and Law</u>**: Common questions of law and fact exist as to all members of the Classes.  These questions predominate over any questions effecting only individual members of the classes.  These common factual and legal questions include:

(a)  Whether Delta's jet fuel dump on January 14, 2020 violated FAA rules and regulations;

(b)  Whether Delta's jet fuel dump on January 14, 2020 was negligent or negligent per se.

**COMPLAINT**

(c) Whether Delta's jet fuel dump on January 14, 2020 was a private nuisance.

(d) Whether Delta's jet fuel dump on January 14, 2020 was a trespass.

(e) Whether Delta's jet fuel dump on January 14, 2020 showed reckless disregard of the probability that Plaintiff and those similarly situated would suffer emotional distress.

(f) Whether Delta raises any affirmative defenses that are universal in application.

21. **Typicality**: Plaintiff's claims are typical of the claims of the members of the respective Classes because Plaintiff, as a resident of the City of Cudahy, who was adversely affected as a result of being dumped with jet fuel is entitled to damages for Delta's conduct. Plaintiff sustained the same types of injuries and damages that the Classes members sustained. Plaintiff is subject to the same affirmative defenses as the members of the classes.

22. **Adequacy**: Plaintiff will adequately and fairly protect the interests of the members each of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation.

23. **Superiority**: A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the

parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of each Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

### **FIRST CAUSE OF ACTION**
### **NEGLIGENCE**
### **(By All Classes against all Defendants)**

24.  Plaintiff incorporates paragraphs 1 through 23 of this complaint as though fully alleged herein.

25.  Delta violated FAA Air Traffic Organization Policy Section 4.  This violation was a substantial factor in causing the harm suffered by Plaintiff and those similarly situated.

26.  Delta's violation of the above law was not excused for any reason.

///

///

## SECOND CAUSE OF ACTION
## TRESPASS
**(By the Property Class against all Defendants)**

27. Plaintiff incorporates paragraphs 1 through 26 of this complaint as though fully alleged herein.

28. Plaintiff resided, leased and occupied a property located at within the City of Cudahy.

29. Delta recklessly and negligently trespassed on Plaintiff's property by dumping jet fuel on it. Plaintiff did not give Delta permission to dump jet fuel on his property.

30. Dumping jet fuel on Plaintiff's property was a substantial factor in causing the damage and harm Plaintiff suffered.

## THIRD CAUSE OF ACTION
## PRIVATE NUSIANCE
**(By the Property Class against all Defendants)**

31. Plaintiff incorporates paragraphs 1 through 30 of this complaint as though fully alleged herein.

32. Delta's conduct of dumping jet fuel over the City of Cudahy created a condition that was harmful to the health of Plaintiff and those similarly situated, was indecent and offensive to the senses of Plaintiff and those similarly situated, created an obstruction to the free use of property so as to interfere with the comfortable enjoyment of life or property of Plaintiff and those similarly situated, and created a

dangerous condition to Plaintiff and those similarly situated.

33.  This condition of dumping jet fuel affected a substantial number of people at the same time in that an ordinary person would be reasonably annoyed.

34.  Plaintiff is informed and believes and based thereon alleges that the seriousness of dumping jet fuel over and around the populated City of Cudahy outweighs the social utility of such conduct.

35.  Plaintiff nor those similarly situated gave Delta consent to dump jet fuel over them and such conduct was a substantial factor in causing harm to Plaintiff and those similarly situated.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(By All Classes against all Defendants)**

36.  Plaintiff incorporates paragraphs 1 through 35 of this complaint as though fully alleged herein.

37.  Delta's conduct as described herein above was outrageous and was done with reckless disregard of the probability that Plaintiff and those similarly situated would suffer emotional distress.

38.  As a direct and proximate result of Delta's acts, as alleged above, Plaintiff has suffered emotional distress.

39.  The actions alleged herein were taken by officers of Delta and ratified by Delta's upper management managing agents and/or officers of LPC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief and judgment against Defendants as follows:

1. That this action be certified as a class action pursuant to Fed. R. Civ. P. Rule 23;

2. Awarding prejudgment and post-judgment interest at the maximum legal rate;

3. Awarding attorneys' fees according to proof;

4. Awarding costs of suit herein; and

5. All such other and further relief as the Court deems just.

Date: January 13, 2021                                McCATHERN LLP

By: *Evan Selik*
EVAN SELIK
CHRISTINE ZAOUK
Attorneys for Plaintiff,
RUBEN AYALA

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150